UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.   07-CR-20508-CR (JAL)

UNITED STATES OF AMERICA,

        Plaintiff,

   - vs-

DOLLY DE JESUS CIFUENTES-VILLA,

        Defendant.

_____

## MOTION TO COMPEL DISCLOSURES BY THE GOVERNMENT

COMES NOW the Defendant DOLLY de JESUS CIFUENTES-VILLA and files herewith her Motion to Compel Disclosures by the Government:

1.     Pursuant to Orders of this Court, trial of the alleged narcotics importation conspiracy charges in the present case is set for April 9, 2013.

2.     In two prior motions (ECF Documents 72 and 78), and numerous communications by telephone, mail, and email, counsel for Ms. Cifuentes-Villa has sought discovery of documents, *Brady* information, particulars, and other information that is essential to our ability to prepare for trial.   Despite repeated representations that the government would respond to these requests, to date it has not done so.   Indeed, even after stating on the record at a conference on December 11, 2012, that it was in possession of hundreds of thousands of pages of information relating to a defendant who was allegedly a member of the conspiracy charged in the present indictment, and that it was prepared to provide that discovery to counsel (12/11/12 Transcript, pp. 8-9), and

after defense counsel renewed its request for that discovery, counsel for the government has continued to withhold that material.   The government has not even filed a response to either of the prior motions the defense has submitted to this Court.

3.     Given that it is now little more than two months before the date on which trial is scheduled to commence, we request, for the reasons explained below and in our prior motions, that the Court issue an order directing the government to take the following actions forthwith:

a.     Deliver to the defense all documents in the government's possession relating to the 2007 prosecution of a defendant charged in the same conspiracy as that charged in the present case, together with an index of those documents, and translations of all documents that are not in English. (The index and translations are necessary to ensure that the discovery is made in a form that will facilitate review and that will not engender further delay, or prevent the defense from being able to prepare adequately for trial.   The need for the government to provide the discovery in an organized, coherent, and accessible form is particularly important in view of the hundreds of thousands of pages of documents involved, and the short time remaining before the commencement of trial.)

b.     Deliver to the defense unredacted copies of documents previously given to the defense in redacted form.   (This request is necessary because large portions of previously disclosed materials are blank.)

c.      Identify the speakers, dates, and locations of two recordings previously provided to the defense, and provide translations of the recorded conversations.   (We have reason to believe that one or more of the speakers on those recordings may be witnesses in the present case, and that aspects of the recorded conversations may be exculpatory as to Ms. Cifuentes-Villa.)

d.      Assure that Drug Enforcement Administration Special Agents Jeremy Jones, Christopher Goumenis, and David Gaddis (all spellings are approximate) will be available for trial, and will bring to trial all reports, records, notes, correspondence or other documents pertaining to their investigation of the present case and any related cases, either by agreeing to accept a subpoena on each agent's behalf or otherwise.

e.      Deliver to the defense copies of all papers submitted by the government in connection with requests or applications for the extradition of Ms. Cifuentes-Villa.

f.      Disclose, pursuant to *Brady v. Maryland*, the identity and statements of any government witnesses or informants who have provided information regarding the charged conspiracy to law enforcement authorities, but did not identify Ms. Cifuentes-Villa as part of the conspiracy, or whose statements are otherwise exculpatory.

g.      Provide the following particulars regarding the allegations in the indictment:

(1).      As to Count 1: Specify, by date, time, manner, quantity, location(s) and participants, each planned or completed importation of cocaine, and

3

specify the act or acts by which Ms. Cifuentes-Villa allegedly participated in or furthered the completed or attempted importation.

(2).    As to Counts 3 through 5: Specify, by date, time, place, manner, and other participants, the acts by which Ms. Cifuentes-Villa allegedly participated in the alleged possession or distribution.

(3).    As to Count 6: Specify, by date, time, place, quantity, manner, and other participants, each money laundering transaction that Ms. Cifuentes-Villa allegedly participated in or sought to further, and specify the act or acts by which she allegedly participated.

4.    We request that the Court declare that any evidence offered by the government pursuant to Fed. R. Evid. 404(b) will be precluded if notice of the government=s intent to offer that evidence is not given to the defense by March 27, 2013. (That date is one week prior to the pretrial conference scheduled before the Court.   Only if notice is received by that date will defense counsel have a reasonable opportunity to present its objections prior to or at the conference and to obtain a ruling in advance of trial that will permit counsel a sufficient opportunity to prepare its defense to any such evidence.)

5.    We renew our request that the Court ensure that the government will provide 3500 material to the defense at least two weeks prior to trial.   Particularly because the government has advised that the trial will be largely testimonial in nature, there is certain to be a substantial amount of 3500 material and the ability of the defense to review that material thoroughly and prepare cross examination of the government's witnesses will be central to its preparation to represent Ms. Cifuentes-Villa effectively at trial.   We are aware of the Court's statement at the December 11, 2012, conference that it declined to instruct the government to provide 3500 material prior to the time such disclosure is required by statute.    In view of the substantial impact that late disclosure could have on the defense, and likelihood that delay in disclosing that materially could necessitate lengthy continuances during trial to protect Ms. Cifuentes-Villa's right to a fair trial with the effective assistance of counsel, we ask the Court to advise the government that, were late disclosure of 3500 material to jeopardize Ms. Cifuentes-Villa's right to a fair trial with the effective assistance of counsel, the government will be held accountable for any measures necessary to prevent infringement of Ms. Cifuentes-Villa's rights, including the granting of continuances and/or a mistrial.

4.    This motion is made in good faith and is not an attempt to seek any unfair or unnecessary delay.

5.    We have attempted to resolve the issues presented in this motion through discussions with AUSA Andrea Hoffman, but as of this date, the government has failed

to take any of the requested actions or indicate when, if ever, it intends to respond to our requests.

WHEREFORE, Defendant DOLLY de JESUS CIFUENTES-VILLA requests that the Court direct the government to take the actions requested by the defense.

DATE: 1/28/2013

Respectfully Submitted,

s/Irwin G. Lichter_____
IRWIN G. LICHTER
Local Counsel
321 N.E. 26th Street
Miami, Florida 33l37-4724
Florida Bar 147988
305-573-0551
305-573-6251 Fax
Email: eldoctor321@aol.com.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Motion

was electronically submitted on this 28th January 2013 on all counsel or parties of records

on the service list.

 /s/ Irwin G. Lichter
IRWIN G. LICHTER